CORRECTED OPINION

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4091

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIEL CHAVEZ-VARGAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:11-cr-00177-NCT-1)

Submitted: September 21, 2012          Decided: November 5, 2012

Corrected Opinion Filed: November 5, 2012

Before KING, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Chavez-Vargas ("Vargas") pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 2006 & Supp. 2012) and 21 U.S.C. § 846 (2006). The district court determined that Vargas was eligible for relief under the safety valve, 18 U.S.C. § 3553(f) (2006), calculated his Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at seventy to eighty-seven months' imprisonment, and sentenced Vargas to eighty months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Vargas has filed a pro se supplemental brief raising several issues. We affirm.

This court reviews Vargas' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). In conducting this review, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain

2

sufficiently the selected sentence. Id. at 49-51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a)

3

factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel and allocution from Vargas. The court explained that the within-Guidelines sentence of eighty months' imprisonment was warranted in light of the nature and circumstances of Vargas' offense and his history and characteristics. Neither counsel nor Vargas offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Vargas.

In accordance with Anders, we have reviewed the issues raised in Vargas' pro se supplemental brief and the entire record in this case and have found no meritorious issues for appeal.[*] Because Vargas did not move to withdraw his guilty plea in the district court, we review the Fed. R. Crim. P. 11 colloquy for plain error only. United States v. Martinez,

---

[*] To the extent that Vargas asserts claims of ineffective assistance of counsel, we find them inappropriate for resolution on direct appeal. Because ineffectiveness of counsel is not conclusively established by the record, Vargas must assert such claims, if at all, in an appropriate motion for post-conviction relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

4

277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). The record contains no suggestion that, but for any error by the district court at the Rule 11 colloquy, Vargas would not have entered his guilty plea. Accordingly, we conclude that, because any error by the district court in conducting the colloquy did not affect Vargas' substantial rights, the district court did not plainly err in accepting his guilty plea.

We therefore affirm the district court's judgment. This court requires that counsel inform Vargas, in writing, of the right to petition the Supreme Court of the United States for further review. If Vargas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vargas.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED